UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ERICH WOLF ET AL** : **CASE NO. 2:22-CV-02225**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**STATE FARM FIRE & CASUALTY CO** : **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 23] filed by Plaintiffs Erich Wolf and Aimee Wolf, which was referred to the undersigned for resolution. The motion seeks more complete responses to certain topics on which State Farm's corporate representative gave deposition testimony on December 11, 2023. Defendant State Farm opposes the motion. Doc. 30. Plaintiffs have replied, making the motion ripe for resolution.

**A.     BACKGROUND**

This suit arises from damage to plaintiffs' home in Lake Charles, Louisiana, during Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a homeowner's policy issued by State Farm. Plaintiffs filed a claim with State Farm, seeking coverage under the policy, but allege that State Farm failed to timely or adequately pay on the claim. Accordingly, they filed suit in this court on July 25, 2022, raising claims of breach of insurance contract and bad faith. Doc. 1. The matter is now set for jury trial on February 26, 2024, before the District Judge. Doc. 9.

Plaintiffs scheduled a December 11, 2023, deposition of State Farm's corporate representative pursuant to Fed. R. Civ. Proc. 30(b)(6). The notice of deposition contained 35 deposition topics.

The instant motion asserts the corporate representative was inadequately prepared or unwilling to provide testimony as to certain of those topics, and Plaintiffs seek relief in the form of additional document production and additional deposition testimony. The motion also seeks to compel production of certain as-yet unproduced media files that State Farm has designated as responsive to written discovery.

**B.     LAW**

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to matters relevant to a claim or defense and proportional to the needs of the case. Relevant information is defined as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 98 S. Ct. 2380, 2389 (1978); *see also* FED. R. EVID. 401 (defining relevant evidence as making a fact of consequence in determining the action more or less probable). In explicitly defining the scope of discovery in terms of both relevance and proportionality, Rule 26(b) is designed to reinforce the obligation of the parties to consider the proportionality factors in making discovery requests. *See* FED. R. CIV. P. 26(b) advisory committee's note to 2015 amendment. The court may limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C); *see also Hebert v. Lando*, 99 S. Ct. 1635, 1649 (1979). Control of discovery is subject to the trial court's sound discretion. *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 F. App'x 279, 283 (5th Cir. 2014).

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides a mechanism for deposing a corporation. "When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions. If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006)(footnotes omitted).

**C.     APPLICATION**

**1.  Incomplete Document Production**

Plaintiffs assert, and Defendant does not contest, that Defendant's document production dated August 23, 2023, included placeholders designating responsive media files associated with Defendant's procedures for handling Water Loss claims, marked 649PROD; 1114PROD-1117PROD; 1119PROD-1124PROD; 1127PROD; 1128PROD; 1133PROD; 1134PROD (the "Missing Media"). On December 8, 2023, Plaintiffs reminded Defendant that the Missing Media materials remained unproduced, and Defendant pledged to produce the files.

Defendant has conceded the responsiveness of the Missing Media and has had more than four (4) months to produce same. Defendant is hereby **ORDERED** to produce the Missing Media by close of business on January 26, 2024.

**2.  Inadequate Deposition Testimony**

Plaintiffs assert Defendant's corporate representative provided inadequate testimony on the following topics.

    a.  *Deposition Topic 6: Your entire claim file, claim notes, and privilege log.*

Plaintiffs assert the corporate representative, by her own admission, could not answer nuanced questions about captions, descriptions, and origin of certain photographs and a sketch depicting water damage (the "Sketch") because she did not have live access to Defendant's Electronic Claim File ("ECF"). Arguing that they should have the opportunity to depose a corporate representative about whether and when State Farm was aware that the Plaintiffs had attempted to document the water damage to the home by submitting photographs, and further arguing that the deponent testified live access to ECF would be necessary to respond to such inquiries, plaintiffs seek to depose a corporate representative with full, live access to the ECF during the deposition.

Although Defendant objects that its corporate representative was generally prepared to address this Deposition Topic 6 and that portions of the ECF contain privileged information, Defendant responds that it is working to produce matching descriptions of the photos and a description of the origin of the Sketch.

Finding that the requested testimony is relevant to the Plaintiff's claims, and further finding that the corporate representative was prevented from providing meaningful testimony as to certain items in the claim file because she did not have live access to the ECF,

Defendant is hereby **ORDERED** to produce the unprivileged portions of the ECF by close of business on January 26, 2024, along with a privilege log if necessary, including any media files and their captions in a format that matches each photo to its caption or other identifying information. This production should include a written stipulation or other written discovery response that identifies the origin of the Sketch.

Defendant is further **ORDERED** to produce by February 16, 2024, a corporate representative(s) for deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

to address questions about photographs and the Sketch that the prior deponent was unable to answer because of lack of live access to the ECF and lack of knowledge of the origin of the Sketch. Defendant shall make access to the ECF available to the deponent(s) in real time with the deposition or otherwise produce a corporate representative(s) appropriately prepared and knowledgeable on these subject matters.

> b. *Topics 14, 22-25, 28-29: Training and instructions provided generally to adjusters and specifically to those adjusters assigned to this claim*

Plaintiffs assert the corporate representative was unable to testify on the training of the specific adjusters who inspected the subject property, including the training and testing materials provided to Mr. Luis Alfonso, Mr. Matthew Chambers and Mr. Andrew Moseley, and that the corporate representative was unable to testify about whether there are any Job Aids associated with Operation Guide 75-01, State Farm's general guideline for investigating a first party loss. Plaintiffs seek an order compelling further testimony on these topics.

Defendant objects that the representative was generally prepared to address this topic, and that she confirmed her understanding as to the training the adjusters typically would have been given as well as her belief that no such Job Aid exists.

Finding that the training is relevant to Plaintiff's claims, and further finding that the testimony about that training was speculative and inconclusive,

Defendant is **ORDERED** to produce by close of business on January 26, 2024, all materials in State Farm's possession that evidence any training provided to Mr. Luis Alfonso, Mr. Matthew Chambers and Mr. Andrew Moseley by State Farm or by any other sources, or written acknowledgment that State Farm has no such evidence;

Defendant is further **ORDERED** to produce, by February 16, 2024, a corporate representative(s) to testify as to the training and materials provided to Alfonso, Chambers, and Mosely; and

Defendant is further **ORDERED** to produce by close of business on January 26, 2024, the OG 75-01 Job Aid or a written acknowledgment that it does not exist.

> c. *Topic 26-27: Categories of water as defined by range of contamination and training materials, job aids, etc. related to water categories and classes.*

Plaintiffs assert that the corporate representative was unable to provide adequate testimony as to the definition of Category 3 Water in the State Farm Job Aid. Plaintiffs seek further deposition testimony on this topic as well as any and all documentation regarding prior versions and revisions of the Job Aid.

Review of the deposition testimony indicates that no further relief is necessary as to this topic, and the Motion to Compel is therefore **DENIED** as to this topic.

> d. *Topic 30-32: relating to the number of licensed adjusters in the catastrophic claims department between 2008 and 2020 and documentation relevant to the decision to reduce that number.*

Of the 35 deposition topics, State Farm lodged written objections to only three, topics 30, 31 and 32. The challenged topics 30, 31 and 32 concerned staffing numbers in State Farm's Catastrophe Claims Department in the 13 years leading up to Hurricane Laura and corporate decision making regarding those staffing numbers. Before objecting to the deposition topics, State Farm objected to related Interrogatories in its August 26, 2023, written discovery responses. Doc. 30, att. 1, pp. 10-11. The Court questions the relevance of these topics to the claims being made by Plaintiffs, and certainly does not feel any tangential relevance is proportional to the other concerns allowing such discovery invokes. Regardless, having no indication that Plaintiff formally challenged these objections, State Farm's objections are sustained.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Compel [doc. 23] be **GRANTED IN PART** as described above and **DENIED IN PART**.

**THUS DONE AND SIGNED** in Chambers, this 19th day of January, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**