UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ERICH WOLF ET AL** | **CASE NO. 2:22-CV-02225** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 26] filed by defendant State Farm Fire & Casualty Company, seeking dismissal of plaintiffs' contents claim in this Hurricane Laura suit. Plaintiffs oppose the motion. Doc. 35.

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a policy issued by State Farm. Doc. 26, att. 11. The policy provided coverage, *inter alia*, for plaintiffs' dwelling at a limit of $1,353,500.00 and contents at a limit of $1,015,125.00. *Id.* at 6. The policy also contains the following relevant conditions:

> 2. **Your Duties After Loss.** After a loss to which this insurance may apply, *you* must cooperate with *us* in the investigation of the claim and also see that the following duties are performed:
>    . . . .
>    b. protect the property from further damage or loss and also:
>       (1) make reasonable and necessary temporary repairs required to protect the property; and
>       (2) keep an accurate record of repair expenses.
>    c. prepare an inventory of damaged or stolen personal property:

>     (1) showing in detail the quantity, description, age, replacement cost, and amount of loss; and
>     (2) attaching all bills, receipts, and related documents that substantiate the figures in the inventory;
>   d. as often as *we* reasonably require:
>     (1) exhibit the damaged property;
>     (2) provide *us* with any requested records and documents and allow *us* to make copies;
>     . . . .
>   e. submit to *us*, within 60 days after the loss, *your* signed, sworn proof of loss that sets forth, to the best of *your* knowledge and belief:
>     (1) the time and cause of loss[.]

*Id.* at 39.

After plaintiffs reported storm damage to their home, State Farm inspected the property on or about September 28, 2020. *See* doc. 35, att. 5, p. 20. Plaintiff Aimee Wolf testified that she put most of their personal property into storage in December 2020, around the time that they realized there were ongoing moisture issues in the house. Doc. 26, att. 8, pp. 10–12. At this time, however, she made no contents claim as to their indoor personal property because she believed it was "going to be fine." *Id.* at 12–13.

Notes from plaintiffs' claims file between February 2021 and May 2022 reflect that State Farm made inquiries as to contents coverage but no proof of loss was submitted. Doc. 35, att. 2, pp. 5–12. In December 2022, after this suit was filed, plaintiffs provided counsel with a contents list. Doc. 26, att. 4; doc. 26, att. 9, pp. 236–37. State Farm acknowledged receipt of the list on January 10, 2023, in a letter containing the following request:

> Please contact me at the number shown below to inform us of the availability of the items for inspection. If you have photographs that clearly depict the damage to these items, please submit them for review as soon as possible.

Doc. 26, att. 13. State Farm also excerpted policy language, including the provisions above, on the insured's duties after loss. *Id.* Plaintiffs then sent State Farm a demand letter, including $1.2 million for their contents claim. Doc. 34, att. 1. In response State Farm reiterated its request to inspect the property. *Id.* At her deposition in October 2023, however, Aimee Wolf revealed that she had discarded most of the claimed contents in 2022 in order to facilitate cleaning of the house by the mold remediation specialists. Doc. 26, att. 9, pp. 237–42. One month later, she recovered photographs of some of the discarded contents (namely, drapery, rugs, a small painting, linens, and two end tables) and submitted these to State Farm. *See* doc. 35, att. 8.

State Farm now moves for summary judgment on plaintiffs' contents claim, asserting that they have voided their right to recovery through their violation of the policy's terms. Doc. 26. Plaintiffs oppose the motion, arguing that State Farm waived its right to inspection by failing to timely investigate the claim. Doc. 35. In the alternative, they request that they be allowed to maintain this claim as a matter of consequential damages under Louisiana Revised Statutes 22:1973. *Id.*

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by

pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*,

179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046).

"Louisiana law teaches that failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy[.]" *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 65 (5th Cir. 2009) (citing *Lee v. United Fire & Casualty Co.,* 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.,* 46 So.2d 286 (La. 1949)). Accordingly, an insured's failure to cooperate with the insurer and to fulfill his obligations under the policy may be asserted as a material breach and a defense to suit. *Spindel v. Bankers Spec. Ins. Co.*, 2010 WL 5439706, at *2 (E.D. La. Dec. 28, 2010). Louisiana courts have also emphasized, however, that

> a cooperation clause is emphatically not an escape hatch that an insurer may use to flee from liability. It is most certainly not the law of Louisiana that any failure to comply with the policy conditions, no matter how trivial, will relieve an insurer from liability under the policy it drafted and issued.

*Jackson v. State Farm Fire & Cas. Co.*, 2010 WL 724108, at *8 (E.D. La. Feb. 22, 2010). Instead, dismissal on these grounds is "a draconian remedy" and is appropriate only where the insurer can establish actual prejudice. *Kerr v. State Farm Fire & Cas. Co.*, 934 F.Supp.2d 853, 857–58 (M.D. La. 2012) (internal quotations omitted); *accord Illinois Union Ins. Co. v. La. Health Serv. and Indem. Co.*, 257 F.Supp.3d 763, 797 (E.D. La. 2017).

Plaintiffs' conduct does not appear unreasonable, given the lack of explicit direction from State Farm and the length of time over which this sizable claim was being adjusted. Still, the policy requires preservation of the property so that it may be made available for inspection. State Farm can establish prejudice, as plaintiffs only offer a handful of photographs documenting a fraction of their contents claim. Accordingly, plaintiffs may not recover for their personal property as an element of contractual damages. Under Louisiana Revised Statutes § 22:1973(B)(5), however, an insurer is liable for consequential damages when it fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." The record supports that one category of these damages might be the exposure of plaintiffs' personal property to additional moisture. While State Farm argues that the claim must be disallowed out of principles of equity and fairness, the court cannot find any bad faith conduct on plaintiffs' part supporting such a dramatic remedy. Additionally, the fact that plaintiffs must rely on their list will also impede their ability to establish these damages at trial. Summary judgment will therefore be denied and the jury may consider plaintiffs' personal property claim as consequential damages.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 26] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 31st day of January, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**