UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ERICH WOLF ET AL** | **CASE NO. 2:22-CV-02225** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 41] filed by State Farm Fire & Casualty Company, seeking exclusion of evidence or testimony regarding mold damage in the upcoming trial of plaintiffs' first-party insurance claim arising from Hurricane Laura. To this end State Farm cites a policy exclusion relating to "fungus," which is defined to include "mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi." Doc. 41, att. 2, pp. 21, 36. The relevant provision bars coverage for, *inter alia*,

> (2) any remediation of fungus, including the cost to
>   (a) remove the fungus from covered property or to repair, restore, or replace that property; or
>   (b) tear out and replace any part of the building structure or other property as needed to gain access to the fungus; or
> (3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence, or level of fungus, whether performed prior to, during, or after removal, repair, restoration, or replacement of covered property.

*Id.* at 36. This exclusion applies

> regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the residence premises, arises from any natural or external forces, or occurs as a result of any combination of these.

*Id.* at 35.

The court agrees that the exclusion bars mold as an element of contractual damages. Under Louisiana Revised Statutes § 22:1973(A), however, an insurer is liable for consequential damages when it fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause." The record supports that one category of such damages, if State Farm is found to be in bad faith, may be property loss resulting from prolonged moisture exposure. Accordingly, plaintiffs may introduce evidence of mold damage in support of their bad faith claims and the Motion in Limine [doc. 41] is hereby **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of February, 2024.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE