UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ERICH WOLF ET AL** | **CASE NO. 2:22-CV-02225** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 43] filed by defendant State Farm Fire & Casualty Company, seeking to exclude or limit the opinion testimony of Blake Chapman. Plaintiffs oppose the motion. Doc. 72.

### I.
#### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a policy issued by State Farm. Doc. 26, att. 11. Plaintiffs allege that State Farm failed to timely or adequately compensate them for covered losses. They filed suit in this court on July 25, 2022, raising claims of breach of contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on February 26, 2024.

State Farm now moves to exclude or limit the testimony of Blake Chapman, a contractor hired by the Wolfs to perform remediation work in the home. Doc. 43. Specifically, State Farm alleges that Chapman is unqualified under the standards set forth in Federal Rule of Evidence 702 and the standards set forth in *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to offer opinion testimony on the moisture readings he took and his interpretation of same. Plaintiffs oppose the motion, arguing that Chapman is not being offered as an expert under Rule 702 and that he is qualified to testify about his personal observations and inferences based thereon under Federal Rule of Evidence 701. Doc. 72.

## II.
## LAW & APPLICATION

### A. Legal Standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

Opinion testimony by a lay witness, on the other hand, is governed by Federal Rule of Evidence 701. Such testimony is admissible if it is:

(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. "In particular, the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts." *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 265 (5th Cir. 2022) (quoting *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 5th Cir. 2002)). If these requirements are met, "a layman can under certain circumstances express an opinion even on matters appropriate for expert testimony." *Id.*

### B. Application

State Farm contends that Chapman lacks the expertise to interpret moisture levels. As plaintiffs show, however, their mold expert has testified as to the appropriate moisture threshold for wood and drywall. Doc. 72, att. 1, p. 3. Moisture meters are readily available to consumers and used by laypersons. To the extent that State Farm alleges Chapman erred in taking measurements, this provides fodder for cross-examination. Chapman's testimony, limited in this regard to his personal observations of the moisture meter readings rather than any independent interpretation of the meanings of these readings, is properly admitted under Federal Rule of Evidence 701.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 43] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of February, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**