UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ERICH WOLF ET AL                           CASE NO.  2:22-CV-02225

VERSUS                                     JUDGE JAMES D. CAIN, JR.

STATE FARM FIRE & CASUALTY CO    MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 46] filed by State Farm Fire & Casualty Company, seeking to exclude references to Category 3 water. Plaintiffs oppose the motion. Doc. 62.

## I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a policy issued by State Farm. Doc. 26, att. 11. Plaintiffs allege that State Farm failed to timely or adequately compensate them for covered losses. They filed suit in this court on July 25, 2022, raising claims of breach of contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on February 26, 2024.

State Farm now brings this motion in limine, seeking to exclude references to Category 3 water on the grounds that there has been no testing of the water at plaintiffs' residence and no expert thus has any basis to opine on its role in the damage there. Doc. 46. Plaintiffs oppose the motion, arguing that the opinion of their expert Ted Cubler is well

supported without testing due to circumstantial evidence about the source of the water and the length of time it sat in the home. Doc. 62.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

**B. Application**

The American National Standards Institute ("ANSI") classifies water according to the ranges of contamination for the purposes of mitigation and restoration. Doc. 46, att. 3, p. 3. Category 1 water "originates from a sanitary source and does not pose substantial risk from dermal, ingestion, or inhalation exposure." *Id.* Category 2 water contains significant contamination with the potential to cause discomfort or sickness if consumed by humans. *Id.* Examples include discharge from dishwashers and washing machines. Category 3 water is "grossly contaminated," potentially causing significant adverse reactions to humans if consumed. *Id.* at 4. Examples include sewage, wasteline backflows, and "wind-driven rain from hurricanes, tropical storms, or other weather-related events if they carry trace levels of contaminants (e.g., pesticides or organic toxic substances)." *Id.* ANSI also advises that "[t]ime and temperature can affect or retard the amplification of contaminants, thereby affecting its category." *Id.* at 7.

Plaintiffs rely on the testimony of their expert, Ted Cubler, for the opinion that it was Category 3 water that intruded the home and that all impacted materials must therefore be removed and replaced. Mr. Cubler included references to this finding in his Xactimate estimate and testified about his findings when deposed by State Farm. Doc. 46, atts. 4 & 5. State Farm's proper method for attacking this opinion is through a *Daubert* motion against Mr. Cubler, which it has filed and which the court will consider separately. On the merits of this issue, however, plaintiffs have supported their position with Mr. Cubler's opinion

as well as the circumstantial evidence that stormwater from a near-Category 5 hurricane infiltrated their home and then sat in a hot, humid environment for two weeks while the home was without electricity through mid-September. Plaintiffs have also introduced expert testimony and photographs showing mold growth in the house, including photographs of moldy sheetrock being removed from the home in October 2020. This supports their case that the water intrusion was contaminated and that the impacted materials must be removed. State Farm will have an opportunity to present contradictory evidence but fails to show a basis for exclusion of the subject.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 46] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of February, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**