UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ERICH WOLF ET AL** | **CASE NO.  2:22-CV-02225** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 49] filed by defendant State Farm Fire & Casualty Company, seeking to exclude or limit testimony regarding plaintiffs' use of a moisture meter.

## I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a policy issued by State Farm. Doc. 26, att. 11. Plaintiffs allege that State Farm failed to timely or adequately compensate them for covered losses. They filed suit in this court on July 25, 2022, raising claims of breach of contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on February 26, 2024.

State Farm now moves to exclude or limit evidence and testimony relating to plaintiffs' use of a moisture meter. Doc. 49. Specifically, they argue that plaintiffs lacked the necessary expertise to use this instrument and that any testimony regarding the readings

they obtained is therefore unreliable as to the moisture levels at their home. Plaintiffs oppose the motion. Doc. 64.

## II.
## LAW & APPLICATION

### A. Legal Standard

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, the court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403.

Evidence should only be excluded in limine where it is "clearly inadmissible on all potential grounds." *Hull v. Ford*, 2008 WL 178890, at *1 (S.D. Tex. 2008) (citing *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Looney Ricks Kiss Architects, Inc. v. Bryan*, 2010 WL 5174440, at *1 (W.D. La. Dec. 15, 2010) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). Evidentiary rulings, however, "should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.*; *accord Baxter v. Anderson*, 277 F.Supp.3d 860, 863 (M.D. La. 2017). Additionally, motion in limine rulings "are not binding on the trial judge

. . . and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 764 n. 3 (2000).

### B. Application

Plaintiffs show that, in December 2020, they purchased a moisture meter and took readings in several areas of their home. *See* doc. 64, att. 1. They sent photos of these readings to State Farm. Plaintiffs contend that State Farm's adjusters never took their own moisture readings even after receiving these photographs, and State Farm does not respond to this contention. The moisture meter used by plaintiffs is readily available to consumers. State Farm is free to cross-examine plaintiffs as to whether they complied with all instructions for proper use of the product. It fails to show, however, that the instrument is so specialized that its use by a layperson must be excluded at trial.

### III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 49] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of February, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**