UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ERICH WOLF ET AL** | **CASE NO. 2:22-CV-02225** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM FIRE & CASUALTY CO** | **MAGISTRATE JUDGE LEBLANC** |

### MEMORANDUM ORDER

Before the court is a Motion in Limine [doc. 55] filed by defendant State Farm Fire & Casualty Company, seeking to exclude or limit the opinion testimony of James Howard. Plaintiffs oppose the motion. Doc. 67.

### I.
#### BACKGROUND

This suit arises from damage to plaintiffs' home in Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020. At all relevant times the home was insured under a policy issued by State Farm. Doc. 26, att. 11. Plaintiffs allege that State Farm failed to timely or adequately compensate them for covered losses. They filed suit in this court on July 25, 2022, raising claims of breach of contract and bad faith. Doc. 1. The matter is set for jury trial before the undersigned on April 29, 2024.

State Farm now moves to exclude or limit the testimony of James Howard, plaintiffs' public adjuster. Specifically, State Farm alleges that (1) Howard's Louisiana public adjuster license had lapsed at the time he inspected plaintiffs' home; (2) he lacks adequate training and skill to opine on damages, causation, costs, or estimation; and (3) his

testimony is not reliable because he did not prepare the Xactimate report on which it is based. Accordingly, it asserts that Howard's testimony does not meet the standards set forth in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Plaintiffs oppose the motion. Doc. 67.

## II.
## LAW & APPLICATION

### A. Legal Standard

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness; 2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[1] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of

---

[1] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### B. Application

State Farm first contends that Howard is not qualified because his Louisiana public adjuster's license had lapsed from October 31, 2021, to March 14, 2022, covering his inspection of plaintiffs' home in November 2021. Doc. 55, att. 11. That license was reinstated, however, and State Farm fails to show that the lapse had anything to do with Howard's qualifications. To the extent he was technically in violation of state licensure rules at the time he conducted the inspection, State Farm may use this against the weight of his testimony. It fails to show, however, that any such violation renders Howard's inspection per se unreliable or his testimony inadmissible.

As for the more substantive challenges, State Farm argues that Howard's testimony should be excluded because (1) he did not inspect the property and (2) he is not licensed in engineering or architecture. A public adjuster's failure to personally inspect a property does not disqualify him from offering an opinion, so long as he has a sufficient foundation for his testimony. *See Cooley v. State Farm Fire and Cas. Co.*, 661 F.Supp.3d 618, 624 (S.D. Miss. 2023) (collecting cases). As for the lack of other qualifications, there is no indication

that architectural or engineering licenses are required of a public adjuster or that Howard lacks the training and experience more typically found in that field. Accordingly, the motion is wholly without merit.

## III.
### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 55] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 22nd day of February, 2024.

_____
JAMES D. CAIN, JR
**UNITED STATES DISTRICT JUDGE**